## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Quentin Howard, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>  -v.-<br><br>TrueAccord Corp.,<br><br>                    Defendant(s). | C.A. No: 1:23-cv-89<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Quentin Howard (hereinafter, "Plaintiff"), a Pennsylvania resident, brings this Class Action Complaint by and through his attorneys, against the Defendant TrueAccord Corp. (hereinafter, "Defendant" or "TrueAccord"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

### INTRODUCTION

1.  Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2.  Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive

debt collection practices are not competitively disadvantaged." *ld*. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. *Id*. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is the district where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers under § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Pennsylvania, County of Warren.

8. Defendant TrueAccord is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA and can be served process upon its registered agent, Incorp Services Inc., 7208 Red Top Road, Hummelstown, Pennsylvania 17036.

9. Upon information and belief, Defendant TrueAccord is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following Class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of Pennsylvania;

    b. to whom the Defendant TrueAccord sent an electronic message(s) attempting to collect a consumer debt;

    c. which message(s) was sent after 9:00 p.m. and/or on the weekend;

    d. which message(s) was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of the Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's electronic collection communications to consumers, sent after 9:00 p.m. and/or on the weekend, violate 15 U.S.C. §§ 1692c, 1692d and/or 1692f.

15. Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. Plaintiff will fairly and adequately protect the interests of the Plaintiff Class

defined in this complaint. Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff, nor his attorneys, have any interests that might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's electronic collection communications to consumers, sent after 9:00 p.m. and/or on the weekend, violate 15 U.S.C. §§ l692c, l692d and/or l692f.

    c. **Typicality:** Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** Plaintiff will fairly and adequately protect the interests of the class members insofar as the Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal

issues, and class actions. Neither the Plaintiff, nor his counsel, have any interests that might cause them not to vigorously pursue the instant class action lawsuit.

e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to November 12, 2022, an obligation was allegedly incurred to the creditor, Klarna, a non-party to the instant lawsuit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Klarna contracted with the Defendant TrueAccord for the purpose of debt collection. Therefore, Defendant TrueAccord is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

*Violations – November 12, 2022*

26. On or about November 12, 2022, Defendant TrueAccord sent the Plaintiff a collection email in an attempt to collect the alleged debt it was contracted to collect.

27. Specifically, TrueAccord emailed the Plaintiff at approximately 10:13 p.m. on a Saturday attempting to collect the subject debt (the "Email").

28. The Email sets forth that, "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose."

29. The Email further solicits the resolution of the subject debt by clicking a link or replying directly to the Email.

30. The Email was one of many emails from the Defendant to the Plaintiff attempting to collect the subject debt.

31. Pursuant to 15 U.S.C. § 1692c(a)

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—

(1) at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with the consumer is after 8 o'clock antemeridian and 9 o'clock postmeridian, local time at the consumer's location.

32. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

33. As it relates to this case, Congress identified concrete and particularized harms with a close common-law analogue to the traditional torts of intrusion upon seclusion and negligent infliction of emotional distress, which have traditionally been recognized as providing a basis for lawsuits in American courts.

34. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

35. These violations by the Defendant were knowing, willful, negligent, and/or intentional, and the Defendant did not maintain procedures reasonably adopted to avoid such violations.

36. Because of Defendant's improper Email, Plaintiff has suffered emotional distress, including, but not limited to, anger, restlessness and increased heartrate.

37. Moreover, Plaintiff has suffered wasted time and annoyance because of the Defendant's improper Email.

38. Additionally, Plaintiff expended time, money, and effort in determining the proper course of action.

39. He spent this trying to determine how to stop the Defendant from further intruding upon his seclusion at unreasonable and inconvenient times in the evening and on weekends.

40. As a result of the Defendant's unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692c *et seq.*

41. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

42. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692c.

43. Pursuant to 15 U.S.C. §1692c(a)(1), a debt collector is forbidden from communicating with a consumer "at any unusual time … In the absence of knowledge of circumstances to the contrary, a debt collector shall assume that the convenient time for communicating with a consumer is after 8 o'clock antemeridian and before 9 o'clock postmeridian, local time at the consumer's location."

44. Defendant violated §1692c, as set forth above, by sending the collection Email to the Plaintiff after 9 o'clock postmeridian, local time at the consumer's location and despite knowing or having reason to know that collection communications over the weekend was an unusual time.

45. By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

48.     Pursuant to 15 U.S.C. § 1692d, "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt.

49.     Defendant violated this section by, as described above, by sending the collection Email to the Plaintiff at 10:13 p.m. on a Saturday, the natural (and actual) consequence of which was harassment and abuse.

50.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692d et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

**COUNT III**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §169fe *et seq.***

51.     Plaintiff repeats, reiterates and incorporates the allegations contained in the paragraphs above with the same force and effect as if the same were set forth at length herein.

52.     Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

53.     Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

54.     Defendant violated §1692f by, as described above, unfairly attempting to collect the subject debt late in the evening on the weekend.

55.     By reason thereof, Defendant is liable to the Plaintiff for judgment in that the Defendant's conduct violated Section 1692f et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

56.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Quentin Howard, individually and on behalf of all others similarly situated, demands judgment from the Defendant TrueAccord, as follows:

1.     Declaring that this action is properly maintainable as a Class Action and certifying the Plaintiff as Class representative, and undersigned as Class Counsel;

2.     Awarding the Plaintiff and the Class statutory damages;

3.     Awarding the Plaintiff and the Class actual damages;

4.     Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5.     Awarding pre-judgment interest and post-judgment interest; and

6.     Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  March 25, 2023          Respectfully Submitted,

**LAW OFFICES OF SCOTT H. BERNSTEIN LLC**

*/s/ Scott H. Bernstein*
Scott H. Bernstein, Esq.
101 Eisenhower Parkway, Suite 300
Roseland, NJ, 07068
(203) 246-2887
scott@scottbernsteinlaw.com
*Attorneys For Plaintiff*